NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON ANTHONY GRAY, | Civil Action No. 19-15860 (AET-LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM** |
| ROBERT THEORET, et al, | |
| Defendants. | |

Plaintiff is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 7). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will dismiss the complaint with leave to amend.

1.  Plaintiff alleges East Brunswick Police Officer Robert Theoret applied for a temporary restraining order ("TRO") and arrest warrant against Plaintiff. (ECF No. 1 at 7). He states former Middlesex County Prosecutor Andrew Carey violated the agreement on detainers "by requesting more than the statutory prescribed 180 day causing deprivation of rights." (*Id.* at 8). Plaintiff also alleges defendant Carey "engaged in misuse of official power by obtain an indictment without probable cause and bolster charges against me with no validation to such said claims." (*Id.*).

1

2. Plaintiff further alleges Judge Benjamin Bucca "also in colusion [sic] with the Prosecutor engaged in conspiracy to have me brought back to New Jersey against my will on a judicial error in interpreting the law ignorance is no excuse." (*Id.*).

3. In determining the sufficiency of a pro se complaint,[1] the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4. To survive sua sponte screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[1] Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5.  Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

6.  Judge Bucca is immune from suit. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. *See also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."); *Owens v. Armstrong*, 171 F. Supp. 3d 316, 330-31 (D.N.J. 2016) (citing cases).

7.  In an amendment to his complaint, Plaintiff alleges Judge Bucca erred when he determined that the Interstate Agreement on Detainers ("IAD") did not apply to Middlesex County. (ECF No. 7 at 2). The actions complained of in Plaintiff's complaint fall squarely within the definition of judicial acts; therefore, Judge Bucca is immune from suit. Judge Bucca is dismissed from this matter with prejudice.

8.  Former Prosecutor Carey is immune from suit on Plaintiff's malicious prosecution claim. County prosecutors are absolutely immune from liability under § 1983 for actions taken in connection with initiating and pursuing criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). "This form of prosecutorial immunity 'encompasses prosecutors' activities in connection with preparing and

filing charging documents.' Further, prosecutors enjoy absolute immunity for acts such as filing charges or an arrest warrant against a criminal defendant." *Dotts v. Stacy*, No. 17-2057, 2017 WL 2267265, at *3 (D.N.J. May 23, 2017) (quoting *LeBlanc*, 483 F. App'x at 669). Thus Plaintiff cannot file suit against former Prosecutor Carey on claims that there was no probable cause to indict him.

9. To the extent Plaintiff alleges Prosecutor Carey violated the IAD[3] by requesting "more than the statutory prescribed 180 day" period, his claims are not cognizable under § 1983. New Jersey's IAD statute provides in relevant part that

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . .

N.J.S.A. § 2A:159A-3(a).

10. Putting aside the fact that the court may grant a reasonable continuance upon a showing of good cause, (*id.*), the remedy for the violation of the Speedy Trial provision of the IAD is dismissal of the indictment. *See Reed v. Farley*, 512 U.S. 339, 342 (1994) ("[W]hen trial does not occur within the time prescribed, the charges shall be dismissed with prejudice.").

---

[3] "The IAD is an interstate compact entered into by the majority of states, including New Jersey, for the purposes of 'creat[ing] uniform procedures for resolving one State's pending charges against an individual imprisoned by another State.'" *Hopkins v. DiCristi*, No. 13-5490, 2015 WL 3991098, at *6 (D.N.J. June 30, 2015) (quoting *United States v. Hornick*, 491 F. App'x 277, 281–82 (3d Cir. 2012)) (alterations in original). *See also* 18 U.S.C.App. 2, § 2; N.J. Stat. Ann. § 2A:159A–1 et seq.

11. The Court cannot grant this relief in a § 1983 proceeding. Plaintiff's remedy lies in a habeas corpus action after exhausting his state court remedies, if at all. *Id.* (limiting habeas relief under 28 U.S.C. § 2254). Because this claim cannot be brought in a § 1983 claim, it is dismissed with prejudice.

12. The remainder of Plaintiff's complaint is dismissed without prejudice for failing to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). His allegations of false arrest,[4] false imprisonment, and malicious prosecution[5] simply parrot the elements of the causes of action without providing any facts that would enable this Court to determine that there is a plausible basis for liability.[6] *See Iqbal*, 556 U.S. at 678 ("[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

13. Because Plaintiff has failed to state a claim in his complaint, the Court will dismiss the complaint without prejudice. Plaintiff may move for leave to amend within 30 days.

---

[4]"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

[5] Plaintiff must set forth facts indicating that the defendants maliciously initiated criminal proceedings without probable cause for a malicious purpose "or for a purpose other than bringing the plaintiff to justice . . . ." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). The criminal proceedings must also terminate in Plaintiff's favor. Neither the complaint nor the amendment indicate the proceedings have terminated in Plaintiff's favor.

[6] "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Id.*

Any motion to amend must be accompanied by a proposed amended complaint that contains specific facts supporting Plaintiff's claims.

14. Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. (*Id.*).

15. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

16. An appropriate order follows.

9/27/19
DATE

ANNE E. THOMPSON
United States District Judge

6